NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| ELIZABETH PINEDA ZIALCITA, | No. 07-72986 |
| Petitioner, | Agency No. A071-595-883 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:      O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Elizabeth Pineda Zialcita, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Zialcita testified inconsistently concerning her level of political involvement and whether she was a member of a political party, and because Zialcita admitted she told the asylum officer she was not personally threatened with harm in the Phillippines. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (inconsistencies related to basis for alleged fear of persecution go to the heart of the claim). The IJ reasonably found Zialcita's explanations for the inconsistencies unconvincing. *See Rivera*, 508 F.3d at 1275. In the absence of credible testimony, Zialcita failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Zialcita's CAT claim is based on testimony the agency found not credible, and no other evidence in the record compels a finding that it is more likely than not she would be tortured if she returned to the Philippines, her CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

07-72986